IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO. ) ) |
| v. | ) **C O M P L A I N T** ) <u>JURY TRIAL DEMANDED</u> |
| STEIN WORLD, L.L.C., | ) ) |
| Defendant. | ) |

## NATURE OF THE ACTION

Plaintiff Equal Employment Opportunity Commission (the "Commission"), brings this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e et seq., to compel Defendant, Stein World, LLC ("Stein World"), to comply with a Mediation Settlement Agreement, achieved through the Commission's Alternative Dispute Resolution, (ADR), and to provide appropriate relief to Ricky Bee, the Charging Party.  The Commission alleges that the parties entered into a Mediation Settlement Agreement on July 6, 2005, in settlement of a charge of discrimination, EEOC Charge No. 250-2005-02404, filed by Ricky Bee against Stein World.  The Commission further alleges that Stein World breached the Agreement after it failed to abide by the terms of the agreement.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345.  This is an action authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII and Section 102 of the Civil Rights Act of 1991, 42 U.S.C.

1981A.

2. The unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the Western District of Tennessee.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("the Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by §706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f).

4. At all relevant times, Defendant Stein World, L.L.C., ("Employer"), has continuously been a foreign corporation doing business as Stein World, L.L.C. in the State of Tennessee and the City of Memphis, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of § 701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty (30) days prior to the institution of this lawsuit, Ricky Bee (hereinafter "Bee") filed a charge with the Commission alleging that Defendant Employer engaged in employment practices which violate Title VII. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Mr. Bee, a forklift operator, filed a charge of discrimination alleging he had been subjected to harassment and unsafe working conditions and discharged because

of his race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

8. Mr. Bee was hired by Stein World in January, 2005, as a forklift operator. He had previously worked at Stein World's main warehouse through a temporary agency from March 2004 until January, 2005.

9. Upon his hire, Mr. Bee was transferred from the main warehouse to another warehouse location; upon his transfer, Mr. Bee discovered that he was the only Black permanent employee at the new warehouse.

10. Mr. Bee reported in April 2005 that a temporary employee had cursed him and that he was working in unsafe conditions. On May 5, 2005, Stein World terminated Mr. Bee's employment.

11. On May 17, 2005, Mr. Bee filed a charge with the Commission alleging that Stein World terminated his employment because of his race, Black.

12. After filing his charge with the Commission, Mr. Bee was hospitalized with pneumonia.

13. Mr. Bee and Stein World voluntarily accepted the Commission's offer to mediate this matter pursuant to the Commission's Alternative Dispute Resolution program.

14. A mediation was held on July 6, 2005 in the Memphis District Office, approximately three weeks after Mr. Bee had been discharged from the hospital.

15. As a result of the mediation, Ricky Bee and Stein World entered into a Mediation Settlement Agreement on July 6, 2005.

16. A copy of the Mediation Settlement Agreement is attached to this complaint as Exhibit A.

17.     The pertinent part of the agreement now in dispute is Paragraph 7.B. which states:

> Respondent further agrees to pay CP's medical expenses that occurred for any hospitalization during the 30 day period after he left the company.

18.     When Mr. Bee received the bill for his hospitalization, he presented it to Stein World for payment.

19.     Stein World refused to pay any of Mr. Bee's hospital expenses, and instead, offered to pay Mr. Bee a total of $5,000.00 as full settlement of its obligations under the mediation agreement.

20.     Paragraph 5 of The Mediation Settlement Agreement states in pertinent part: "This document constitutes a final and complete statement of the agreement between (the parties) or (between the CP, Respondent and EEOC)."

21.     The Mediation Settlement Agreement does not limit Stein World's obligation to pay Mr. Bee's medical expenses for any hospitalization during the 30-day period after Mr. Bee left the company to $5.000.00.

21.     Stein World's failure to abide by the terms of the Agreement constitutes a breach of the Mediation Agreement.

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully prays that this Court:

A.     Grant a judgment ordering Defendant to comply with the Mediation Settlement Agreement negotiated in mediation by paying those of Mr. Bee's hospital expenses incurred during the 30-day period following the termination of his employment with Stein World.

B.  Grant such further relief as the Court deems necessary and proper in the public interest.

C.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

 s/ Faye A. Williams (with permission DBT)
**FAYE A. WILLIAMS**
Regional Attorney
TN Bar No. 11730

 s/ Darin B. Tuggle
**DARIN B. TUGGLE**
Trial Attorney
NJ Bar No. 048621998


EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
1407 Union Avenue, Suite 621
Memphis, Tennessee  38104
Telephone:  (901) 544-0137